IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-60,537-04






EX PARTE JAMES WILLIAM HORNSBY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 84675 IN THE CRIMINAL DISTRICT COURT


FROM JEFFERSON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to fifty years' imprisonment. The Ninth Court of Appeals affirmed his conviction.
Hornsby v. State, No. 09-06-00273-CR (Tex. App.-Beaumont Jan. 16, 2008, pet. ref'd). 

 On September 8, 2010, we remanded this application and directed the trial court to make
findings of fact and conclusions of law as to whether trial counsel rendered ineffective assistance and
whether Edward Holland and Anthony Benjamin committed perjury at Applicant's trial. On remand,
after holding a live evidentiary hearing, the trial court made findings of fact and conclusions of law
and recommended that we deny relief. We agree with the trial court's recommendation but decline
to adopt those findings that rely on counsel's October 25, 2010 affidavit. In this affidavit, counsel
responded in almost every instance that Applicant's claims are procedurally barred under Article
11.07, § 4 of the Code of Criminal Procedure. Counsel also responded that Applicant should have
raised his ineffective assistance of counsel claims on direct appeal. Applicant's claims are not
procedurally barred under § 4, and we have held that in the majority of cases the record on direct
appeal is not adequate to resolve an ineffective assistance of counsel claim. Thompson v. State, 9 
S.W.3d 808, 813-14 (Tex. Crim. App. 1999) ("In the majority of instances, the record on direct
appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel"). Relief is
denied.


Filed: March 9, 2011

Do not publish